AO 106 (Rev. 04/10) Application for a Search Warrant     AUTHORIZED AND APPROVED/DATE: s/ Danielle M. Connolly 03-15-2022

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. M-22- 192 -P
A red in color Apple iPhone, model A2172, cellular phone )
bearing International Mobile Equipment Identity (IMEI) )
number 352590374498347. )

FILED MAR 15 2022 CARMELITA REEDER SHINN, CLERK BY ___ U.S. DIST. COURT, WESTERN DIST. OKLA. DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of Cocaine with Intent to Distribute |

The application is based on these facts:
See attached Affidavit of Special Agent Cristina Busbee, Homeland Security Investigations (HSI).

☑ Continued on the attached sheet.
☑ Delayed notice of   90   days (give exact ending date if more than 30 days:( 06/27/2022 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Cristina Busbee*
Applicant's signature

Cristina Busbee, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 3/15/22

*Judge's signature*

City and state: Oklahoma City, Oklahoma    Gary M. Purcell, U.S. Magistrate Judge
Printed name and title

## ATTACHMENT A

### DESCRIPTION OF DEVICE TO BE SEARCHED

1. The property to be searched is **a red in color Apple iPhone, model A2172, cellular phone bearing International Mobile Equipment Identity (IMEI) number 352590374498347** (hereinafter, **Subject Device**) which is currently located in secure storage at the Homeland Security Investigations office within the Western District of Oklahoma. **Subject Device** is depicted below:



2. This warrant authorizes the forensic examination of **Subject Device** for the purpose of identifying the electronically stored information described in **Attachment B**.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1. All evidence relating to violation of 21 U.S.C. § 841(a)(1) (Possession of Cocaine with Intent to Distribute), including but not limited to:

   a. any and all images, videos, and any other digital media content of **Charles Bruce LITTLEJOHN, Jr., (LITTLEJOHN)** and his co-conspirators, relating to assets or illegal drugs;

   b. call logs, address books, GPS data, internet access, IP accounts, text messages, and email accounts;

   c. lists of customers and related identifying information;

   d. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   e. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   f. any information recording **LITTLEJOHN**'s schedule or travels; and

   g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned **Subject Device** at the time the things described in this warrant were created, edited,

or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. Records documenting the use of the Internet Protocol addresses to communicated with e-mail servers, internet sites, and social media, including:

   a. records of Internet Protocol addresses used;

   b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

4. This warrant authorizes a review of electronic storage media seized, electronically stored information, communications, other records and information seized, copied, or disclosed pursuant to this warrant in order to locate any evidence, fruits, and instrumentalities of violations of the above-listed federal criminal statutes. The review of this electronic data may be conducted by any Government personnel assisting in the investigation, who



may include, in addition to law enforcement officers and agents, attorneys for the Government, attorney support staff, and technical experts. Pursuant to this warrant, HSI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.



# THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Cristina Busbee, Special Agent of Homeland Security Investigations, being duly sworn, depose and state as follows:

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession and further described in **Attachment A**, and the extraction from that property of electronically stored information described in **Attachment B**.

2. I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since April 2019. I am presently assigned to the HSI office in Oklahoma City, Oklahoma (hereinafter, HSI Oklahoma City).

3. I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I am authorized to conduct criminal investigations of violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. I have been involved in a wide variety of investigative matters. Among other things, I am responsible for conducting investigations into violations of federal criminal laws, including the smuggling of goods into the United States, aiding in unlawful manufacturing, possession, and distribution of controlled substances. I have received approximately 26 weeks of specialized training at the Federal Law Enforcement Training Center in the enforcement of federal laws. I have arrested, interviewed, and debriefed numerous individuals who have been involved with and have personal knowledge of smuggling goods into the United States, aiding in unlawful manufacturing, possession, and distribution of controlled substances, as well as, the amassing, spending, converting, transporting, distributing, laundering, and concealing of proceeds from criminal activity. I have testified in judicial proceedings concerning the prosecution for violations of laws related to the smuggling of contraband, including controlled substances. I have been the affiant of numerous federal search warrants, which I have used to further criminal investigations.

5. The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause to secure a search warrant for a cellular device: **a red in color Apple iPhone, model A2172, cellular phone bearing International Mobile Equipment Identity (IMEI) number 352590374498347** (hereinafter, **Subject Device**), as described further in

2

**Attachment A** (physical description), for evidence of violation of 21 U.S.C. § 841(a)(1) (Possession of Cocaine with Intent to Distribute), as described further in **Attachment B** (description of items to be seized). **Subject Device** is currently located in secure evidence storage at the HSI Oklahoma City office, within the Western District of Oklahoma.

6. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

## PROBABLE CAUSE

7. On February 17, 2022, at approximately 1545 hours, Norman Police Department Detectives Dakota Cook and David Stevenson were patrolling I-35 together in Detective Cook's vehicle as part of their assignment to the District 21 Drug and Violent Crime Task Force. They observed a black Chevrolet Avalanche bearing Texas license plate NLM7452 traveling northbound on I-35 near mile marker (MM) 66 in front of the patrol vehicle. The Avalanche slowed to approximately 60 miles per hour (mph) in a 75 mph zone before the vehicle's passenger-side tires crossed over the solid white line on the right side of the lane twice. Detective Cook initiated a traffic stop on the Avalanche for failure to maintain its lane. The vehicle

stopped near MM 67 in Garvin County within the Western District of Oklahoma.

8. Detectives Cook and Stevenson approached the Avalanche and made contact with the driver and sole occupant. He proffered a driver's license upon request and identified himself as **Charles Bruce LITTLEJOHN, Jr.,** from Kansas City, Kansas.

9. During casual conversation, **LITTLEJOHN** stated that he had flown to Texas for a family function and had been there for approximately a week. He advised that he had borrowed the Avalanche from his "auntie," Tracy McCLURE. Documentation provided by LITTLEJOHN indicated that the vehicle was insured in McCLURE's name but registered to Sarah Anderson WILLIAMS.[1]

10. During law enforcement checks, records demonstrated that the Avalanche had been near Houston, Texas earlier in the day although the address to which it was registered is located near Austin, Texas. The detectives were able to pattern out several trips where the Avalanche had been near Houston and was then in Kansas either the same day or on consecutive days.

---

[1] Later, when Detective Cook asked **LITTLEJOHN** from whom he picked the vehicle up, he responded, "I told you it was my cousin's car." When Detective Cook pointed out the inconsistency, **LITTLEJOHN** acknowledged the mistake in his story.

4

11. The detectives advised **LITTLEJOHN** that they could smell an odor of marijuana coming from his person, and he stated that the last time he smoked marijuana was probably a day ago but that he had been wearing the same jacket. **LITTLEJOHN** claimed that he did not have any more on him or in the car and that he did not smoke and drive.

12. **LITTLEJOHN** denied consent to search the Avalanche. As such, Detective Cook deployed his assigned drug detection canine for a free air sniff of the vehicle, which resulted in a positive alert to the odor of narcotics.

13. During the subsequent probable cause search of the vehicle, Detective Stevenson noticed that the right rear door was abnormally heavy when opened and closed. Upon further inspection of the door, the detectives located five identically packaged, vacuum-sealed bundles hidden within it. Detective Stevenson opened one of the packages, revealing that it contained a white powder that field tested positive for cocaine.

14. **LITTLEJOHN** and the vehicle were transported to the Norman Investigation Center (NIC) for further investigation away from the roadside.

15. In total, law enforcement located five bundles, all found within the right rear door of the vehicle. Each bundle weighed approximately one kilogram and was wrapped in twelve total layers of packaging, including a vacuum seal, plastic wrap, layers of grease, and metal foil. The contents of

each were stamped with the same emblem. They also found 49 rounds of 9mm ammunition and five blue pills with markings "M" and "30." Based upon their training and experience, the detectives believe these tablets to contain fentanyl.

16. **LITTLEJOHN** was transported to the Garvin County Detention Center where he was booked in on state aggravated trafficking charges. Based upon my training and experience, I know that possession of cocaine, and the amount seized by law enforcement from the Chevrolet Avalanche on February 17, 2022, is inconsistent with personal use, and therefore was intended for distribution.

17. Based on the aforementioned facts, I submit that there is probable cause to believe that **LITTLEJOHN** committed the offense of Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).

18. Law enforcement seized four electronic devices, including **Subject Device**, pursuant to **LITTLEJOHN**'s arrest. Specifically, **Subject Device** was recovered from the center console area of the Chevrolet Avalanche that **LITTLEJOHN** was driving. **Subject Device** is currently located in secure evidence storage at the HSI Oklahoma City office, within the Western District of Oklahoma. Based upon my training and experience, I know that **Subject Device** has been stored in a manner that ensures that its

6

contents are (to the extent material to this investigation) in substantially the same state as they were when **Subject Device** first came into the possession of investigators.

19. Based upon my training and experience, I am aware that individuals involved in trafficking illegal narcotics often use cell phones and other similar electronic devices, such as tablets, to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such devices and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos. Based upon my training and experience, I know that most drug trafficking—and particularly high-level drug trafficking—is coordinated via cell phones and similar electronic devices. Conspirators use these devices to, *inter alia*, make requests for drug purchases, provide information on price, and set up places to meet for transactions. Consequently, the cellular telephones and similar electronic devices of individuals involved in this drug conspiracy will likely contain evidence of such illegal activity. Therefore, I submit that there is probable cause to believe that the **Subject Device** was used in furtherance of this drug-trafficking conspiracy and will contain evidence of the same.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

21. *Forensic evidence.* As further described in **Attachment B**, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the **Subject Device**. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on the Device is evidence may depend on other information stored on the Device and the application of knowledge about how the Device operates. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a Device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

22. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant for which I am applying would permit the

examination of the **Subject Device** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

23. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night and request permission to do so.

24. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 90 days after the collection authorized by the warrant has been completed. As further specified in **Attachment B**, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. (*See* 18 U.S.C. § 3103a(b)(2).) There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Subject Device** would jeopardize the ongoing investigation into the

activities of **LITTLEJOHN** and his co-conspirators, as such a disclosure would give involved persons an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1).

## CONCLUSION

25. Based on the above information, I submit that there is probable cause to believe that violation of 21 U.S.C. § 841(a)(1) (Possession of Cocaine with Intent to Distribute) has occurred, and that evidence, fruits, and instrumentalities of this offense are located on the **Subject Device**. Therefore, I respectfully request that this Court issue a search warrant for the **Subject Device**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

*[signature]*
CRISTINA BUSBEE
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN to before me this 15th day of March, 2022.

*[signature]*
GARY M. PURCELL
United States Magistrate Judge

## ATTACHMENT A

## DESCRIPTION OF DEVICE TO BE SEARCHED

1. The property to be searched is **a red in color Apple iPhone, model A2172, cellular phone bearing International Mobile Equipment Identity (IMEI) number 352590374498347** (hereinafter, **Subject Device**) which is currently located in secure storage at the Homeland Security Investigations office within the Western District of Oklahoma. **Subject Device** is depicted below:



2. This warrant authorizes the forensic examination of **Subject Device** for the purpose of identifying the electronically stored information described in **Attachment B**.

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1. All evidence relating to violation of 21 U.S.C. § 841(a)(1) (Possession of Cocaine with Intent to Distribute), including but not limited to:

   a. any and all images, videos, and any other digital media content of **Charles Bruce LITTLEJOHN, Jr., (LITTLEJOHN)** and his co-conspirators, relating to assets or illegal drugs;

   b. call logs, address books, GPS data, internet access, IP accounts, text messages, and email accounts;

   c. lists of customers and related identifying information;

   d. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   e. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   f. any information recording **LITTLEJOHN**'s schedule or travels; and

   g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned **Subject Device** at the time the things described in this warrant were created, edited,

or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. Records documenting the use of the Internet Protocol addresses to communicated with e-mail servers, internet sites, and social media, including:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

4. This warrant authorizes a review of electronic storage media seized, electronically stored information, communications, other records and information seized, copied, or disclosed pursuant to this warrant in order to locate any evidence, fruits, and instrumentalities of violations of the above-listed federal criminal statutes. The review of this electronic data may be conducted by any Government personnel assisting in the investigation, who



may include, in addition to law enforcement officers and agents, attorneys for the Government, attorney support staff, and technical experts. Pursuant to this warrant, HSI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

3

